PETER C. LAGARIAS (SBN 77091)
ROBERT S. BOULTER (SBN 153549)
LAGARIAS & BOULTER, LLP
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: (415) 460-0100
Facsimile: (415) 460-1099

Attorneys for Plaintiff David A. Schuette

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. SCHUETTE, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND OTHER EQUITABLE RELIEF AND DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| AAMCO TRANSMISSIONS, INC. | |
| Defendant. | |

Plaintiff David A. Schuette brings this action and demands a jury trial against its franchisor defendant AAMCO Transmissions, Inc., as follows:

Summary of Action:

1.  Plaintiff David A. Schuette is a franchisee of defendant AAMCO Transmissions, Inc., and plaintiff David A. Schuette seeks declaratory and other equitable relief and damages including regarding the wrongful termination of his two AAMCO franchise agreements.

1

The Parties

2. Plaintiff David A. Schuette is an individual residing at all relevant times in the State of California (hereafter "Plaintiff Schuette"). At relevant times Plaintiff Schuette has been a franchisee of defendant AAMCO Transmissions, Inc., under two franchise agreements for AAMCO locations in Sacramento, California.

3. Defendant AAMCO Transmissions, Inc. is a Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania. (hereafter "defendant AAMCO").

Jurisdiction and Venue

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. Section 1332, in that complete diversity exists among the parties and the claims alleged herein involve a controversy in excess of $75,000. Plaintiff Schuette is a California resident, while defendant AAMCO is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania.

5. Defendant AAMCO is subject to personal jurisdiction in California as it offered and sold multiple franchises to be operated in California, including the franchise agreements with plaintiff Schuette, and defendant AAMCO conducts business in California with those franchisees and receives revenues from the California franchises including plaintiff Schuette.

6. A substantial part of, if not all of, the events giving rise to the claims of plaintiff Schuette arose in this district as plaintiff Schuette was only authorized to conduct business under the franchise agreements from locations in Sacramento,

California. In addition defendant AAMCO is subject to personal jurisdiction in this district, providing proper venue pursuant to 28 U.S.C. Section 1391.

## General Allegations

7.  Defendant AAMCO is a franchisor offering franchise agreements in various states to franchisees to operate a business providing automobile repair services to the public using AAMCO trademarks.

8.  On or about February 27, 2003, defendant AAMCO offered and entered a franchise agreement with plaintiff Schuette for a franchise location at 2257 Arden Way, Sacramento, California (the "Arden Center"). A true and complete copy of the above franchise agreement is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein (the "Arden Franchise Agreement").

9.  On or about February 18, 2004, defendant AAMCO offered and entered a franchise agreement with plaintiff Schuette for a franchise location at 6441 Franklin Boulevard, Sacramento, California (the "Franklin Center"). A true and complete copy of the above franchise agreement is attached hereto as Exhibit B and incorporated by reference as though fully set forth herein (the "Franklin Franchise Agreement"). Both of the Franchise Agreements, Exhibits A and B, were non-negotiable form agreements presented to plaintiff Schuette on a take it or leave it basis, which plaintiff Schuette signed as presented.

10. Plaintiff Schuette properly performed under the Franchise Agreements for both the Arden and Franklin Centers, including providing reports and paying royalties and other sums due to defendant AAMCO in excess of $1,000 per year.

11. On or about February 14, 2011, plaintiff Schuette received a notice of default from defendant AAMCO. The notice provided ten days to cure three asserted defaults: paying certain sums allegedly owing to defendant AAMCO, providing certain reports allegedly not provided to defendant AAMCO, and paying certain sums allegedly not paid to the Sacramento Advertising Coop.

12. The notice of default was erroneous in many material ways: the sums allegedly owed to defendant AAMCO were greatly overstated and some were not yet due; many of the alleged missing reports had been provided to defendant AAMCO, and the Sacramento Ad Coop funds sought were either overstated and/or not yet due.

13. The notice of default was not presented in good faith by defendant AAMCO. Defendant AAMCO did not review its own records nor consult with its own personnel or plaintiff Schuette prior to noticing the default. Defendant AAMCO's own records showed sums owing to plaintiff Schuette from defendant AAMCO as of the end of January 2011. In addition, some of the sums demanded by defendant AAMCO included interest calculated at 18%, in excess of interest amounts allowed under the usury laws of California.

14. Plaintiff Schuette paid the sums properly owing to defendant AAMCO within ten days of the notice.

15. Plaintiff Schuette provided defendant AAMCO with all of the missing reports demanded for the Franklin Center within ten days of the above demand notice. Plaintiff Schuette had already provided the majority of the asserted missing repair orders of reports for the Arden Center to defendant AAMCO in October of 2010 before the demand notice. Plaintiff Schuette again provided the alleged

1  missing repair orders of reports and the remaining five repair orders of reports listed
2  to defendant AAMCO for the Arden Center within ten days and/or shortly
3  thereafter.

5  16.   Upon receiving the above demand notice, plaintiff Schuette communicated
6  with the Sacramento Ad Coop and determined that only $8,500 not $12,500 was
7  due by the end of February 2011. Despite being demanded to pay excess sums and
8  other sums before they were due, plaintiff Schuette paid the $8,500 and was current
9  with the Sacramento Ad Pool on or about March 1, 2011.

11  17.   Despite making improper demands, and plaintiff Schuette having fulfilled all
12  performance legitimately owing, defendant AAMCO purported to terminate both
13  the Arden Center and Franklin Center Franchise Agreements on or about February
14  28, 2011.

16  18.   The termination was improper, unjustified and illegal, and is causing plaintiff
17  Schuette substantial, ongoing and irreparable harm.

19  19.   On or about March 1, 2011, defendant AAMCO denied plaintiff Schuette
20  access to the AAMCO Center locator removing both locations from the AAMCO
21  website in breach of the Franchise Agreements.

23  20.   On or about March 4, 2011 (Arden Center), and March 7, 2011 (Franklin
24  Center) plaintiff Schuette discovered that defendant AAMCO had unilaterally
25  instructed the telephone company to cause plaintiff Schuette's telephone line calls
26  at both the Arden Center and the Franklin Center to no longer ring there, but to
27  instead be forwarded to a 1-800 number controlled by defendant AAMCO.
28  Thereafter defendant AAMCO has been sending those telephone calls to other

AAMCO locations, in breach of contract and other rights of plaintiff Schuette and causing him severe financial damages.

# FIRST CAUSE OF ACTION
### (Breach of Written Contracts)

21. Plaintiff Schuette realleges and incorporates by reference paragraphs 1-20, above inclusive, as though fully set forth herein.

22. Plaintiff Schuette has performed all of the conditions and performance required of him under the Franchise Agreements.

23. Defendant AAMCO has breached the Franchise Agreements, or the covenant of good faith and fair dealing therewith, by issuing improper default and termination notices purporting to terminate plaintiff Schuette under both Franchise Agreements, switching telephone lines without basis from plaintiff Schuette's AAMCO location to AAMCO's location, depriving plaintiff Schuette from customer calls and other leads, withdrawing computer access to AAMCO and other services of AAMCO generally available to its franchisees, and by charging excessive and unwarranted fees and interest.

24. As a direct and proximate result of defendant AAMCO's above breaches, plaintiff Schuette has been damaged in a sum not yet fully known but in excess of $75,000. Plaintiff Schuette will set forth such sum when more fully known or at time of trial. Plaintiff Schuette is also entitled to preliminary and permanent injunctive relief enjoining the termination of the Franchise Agreements. Plaintiff Schuette is also entitled to reasonable attorney's fees including pursuant to Paragraph 21.5 of the Franchise Agreements.

WHEREFORE, plaintiffs Schuette prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of California Franchise Relations Act)

25.     Plaintiff Schuette realleges and incorporates by reference paragraphs 1-24, above inclusive, as though fully set forth herein.

26.     Defendant AAMCO improperly terminated both Franchise Agreements of plaintiff Schuette without good cause in violation of the California Franchise Relations Act, California Business & Professions Code, Section 20000 et seq., Defendant AAMCO also improperly switched telephone lines without basis from plaintiff Schuette's AAMCO location to AAMCO's location, depriving plaintiff Schuette from customer calls and other leads, and withdrawing computer access to AAMCO and other services of AAMCO generally available to its franchisees. Defendant AAMCO also provided Pennsylvania choice or law, forum, and arbitration provisions illegally seeking to void the California Franchise Relations Act.

27.     As a direct and proximate result of defendant AAMCO's above breaches, plaintiff Schuette has been damaged in a sum not yet fully known but in excess of $75,000. Plaintiff Schuette will set forth such sum when more fully known or at time of trial. Plaintiff Schuette is also entitled to preliminary and permanent injunctive relief enjoining the termination of the Franchise Agreements.

WHEREFORE, plaintiffs Schuette prays for judgment as set forth below.

# THIRD CAUSE OF ACTION
### (Breach of Section 17200 Of The California Business & Professions Code)

28.     Plaintiff Schuette realleges and incorporates by reference paragraphs 1-27 above inclusive as though fully set forth herein.

29.     Defendant AAMCO owed plaintiff Schuette a duty to not engage in illegal, fraudulent or unfair trade practices prohibited under Sections 17200 of the California Business & Professions Code, causing plaintiff Schuette injury to his property or businesses.

30.     The above actions of defendant AAMCO constituted illegal trade practices including violations of Sections 17200 and 20040.5 of the California Business & Professions Code. The Franchise Agreement, in addition to the above illegal provisions, also contained improper restraints on competition in violation of Section 16600 of the California Business & Professions Code.

31.     The above actions of defendant AAMCO also constituted fraudulent or unfair trade practices in violation of Section 17200 of the California Business & Professions Code.

32.     The illegal, fraudulent and unfair business practices of defendant AAMCO present a continuing threat to plaintiff Schuette and to members of the public in that defendant AAMCO persists in these practices and will do so unless and until a permanent injunction is issued by this Court. Such a permanent injunctive relief should include enjoining the termination of the Franchise Agreements,  restitution, and other relief to plaintiff Schuette.

33. As a direct result of the above illegal, fraudulent and unfair business practices, defendant AAMCO has been unjustly enriched and has otherwise received revenues which should be held in trust and disgorged, including the monies paid by plaintiff Schuette which monies should be returned to them by restitution, disgorgement or other equitable remedies.

34. Plaintiff Schuette is entitled to attorneys fees due to the common fund doctrine and under the private attorney general doctrine including under Section 1021.5 of the California Code of Civil Procedure.

WHEREFORE plaintiff Schuette prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

35. Plaintiff Schuette realleges and incorporates by reference paragraphs 1-27, above inclusive, as though fully set forth herein.

36. An actual controversy has arisen and now exists between plaintiff Schuette and defendant AAMCO regarding the respective rights and duties under the Franchise Agreements in that plaintiff Schuette contends that the Franchise Agreements were not properly terminated by defendant AAMCO, while defendant AAMCO contends that the Franchise Agreements were properly terminated.

37. An additional actual controversy has arisen and now exists between plaintiff Schuette and defendant AAMCO regarding the respective rights and duties under the Franchise Agreements in that plaintiff Schuette contends that the choice of law, venue, arbitration and non-compete provisions are unconscionable and against

1  public policy of the State of California in that defendant AAMCO has authorized
2  plaintiff Schuette to operate AAMCO franchises solely in California, but defendant
3  AAMCO has placed an out of state venue clause and choice of law clause which
4  would void public policy provisions of California including voiding out of state
5  venue clauses in franchise agreements in Section 20040.5 of the California
6  Business & Professions Code. In addition defendant AAMCO provided a
7  mandatory arbitration clause seeking to void the California Franchise Relations Act
8  against public policy and unconscionable including by allowing Defendant
9  AAMCO to proceed in court while plaintiff Schuette is required to arbitrate.
10 Defendant AAMCO to the contrary contends that such provisions in its Franchise
11 Agreements to be operated solely in the State of California are valid and
12 enforceable.

14 38.  A judicial declaration is necessary and appropriate at this time under all
15 circumstances so that plaintiff Schuette may determine its above rights and duties
16 of the parties.

18 39.  Without a declaration, plaintiff Schuette will be injured or damaged
19 including be denied its ability to operate its business.

21      WHEREFORE, plaintiff Schuette prays for judgment as set forth below.

## PRAYER FOR RELIEF

26      WHEREFORE, plaintiff David A. Schuette prays for judgment against
27 defendant AAMCO Transmissions, Inc. as follows:

1. For temporary, preliminary and permanent injunctions and a declaration of rights that the Franchise Agreements are not terminated and that plaintiff David A. Schuette is entitled to operate under the Franchise Agreements, and injunctions from enforcing the choice of law, venue, arbitration and non-compete provisions of the Franchise Agreements ;

2. For general and special damages accordingly to proof;

3. For reasonable attorneys fees;

4. For costs of suit; and

5. For such other and further relief as the court deems just and reasonable.

DATED: March 8, 2011         LAGARIAS & BOULTER, LLP

/s/ Peter Lagarias
_____
Peter C. Lagarias, Esq.
Attorneys for Plaintiff David A. Schuette

11

COMPLAINT

## DEMAND FOR JURY TRIAL

WHEREFORE, plaintiff David A. Schuette demands a jury trial in this action, and each claim for relief as allowed by law.

DATED: March 8, 2011    LAGARIAS & BOULTER, LLP

/s/ Peter Lagarias
Peter C. Lagarias, Esq.

Attorneys for Plaintiff David A. Schuette

N:\ACTIVE\Schuette, David\Pleadings\complaint 3-7-11.doc