1   JAMES A. GONIEA (State Bar No. 170849)
    jgoniea@americandriveline.com
2   AMERICAN DRIVELINE SYSTEMS, INC.
    201 Gibraltar Road
3   Horsham, PA 19044
    Telephone: (610) 668-2900
4   Facsimile: (610) 664-5897

5   JOEL D. SIEGEL (State Bar No. 155581)
    joel.siegel@snrdenton.com
6   KAREN C. MARCHIANO (State Bar No. 233493)
    karen.marchiano@snrdenton.com
7   SNR DENTON US LLP
    1530 Page Mill Road, Suite 200
8   Palo Alto, CA 94304-1143
    Telephone: (650) 798-0300
9   Facsimile: (650) 798-0310

10  Attorneys for Defendant
    AAMCO Transmissions, Inc.

11

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15

16  David A. Schuette,                        No. 2:11-CV-00641-KJM-DAD

17          Plaintiff,                        AAMCO TRANSMISSIONS, INC.'S
                                              ANSWER TO COMPLAINT AND
18      vs.                                   COUNTERCLAIM

19  AAMCO Transmissions, Inc.,

20          Defendant.

21

22

23

24

25

26

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

**ANSWER**

Defendant AAMCO Transmissions, Inc. ("AAMCO") answers the Complaint of plaintiff David A. Schuette ("Schuette") as follows:

Summary of Action

1.     AAMCO admits that Schuette seeks declaratory and other equitable relief and damages.  AAMCO denies the remaining allegations in paragraph 1, and expressly denies that Schuette is entitled to any relief.

The Parties

2.     AAMCO admits that Schuette is an individual.  AAMCO admits upon information and belief that Schuette has resided in California since at least February 27, 2003.  AAMCO admits that Schuette was previously a franchisee of AAMCO under two franchise agreements for AAMCO locations in Sacramento, California.  AAMCO denies the remaining allegations in paragraph 2.

3.     AAMCO admits that AAMCO is a Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania.

Jurisdiction and Venue

4.     The assertion that federal diversity jurisdiction exists pursuant to 28 U.S.C. section 1332 is a legal conclusion requiring no response from AAMCO.  AAMCO admits that AAMCO is a Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania.  AAMCO denies that Schuette is entitled to any relief.    AAMCO denies the remaining allegations in paragraph 4.

5.     The assertion that AAMCO is subject to personal jurisdiction in California is a legal conclusion requiring no response from AAMCO.    AAMCO admits that it offered and sold multiple franchises to be operated in California, including the two franchise agreements with Schuette.  AAMCO admits that it receives revenues from California franchisees and that in the past it received revenues from Schuette.  AAMCO denies the remaining allegations in paragraph 5.

No. 2:11-CV-00641-KJM-DAD                    AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

1    6.    The assertion that a substantial part of, if not all of, the events giving rise to the

2    claims of plaintiff Schuette arose in this district is a legal conclusion requiring no response from

3    AAMCO. The assertion that defendant AAMCO is subject to personal jurisdiction in this

4    district, providing proper venue pursuant to 28 U.S.C. Section 1391 is a legal conclusion

5    requiring no response from AAMCO. AAMCO admits that under the franchise agreements,

6    Schuette was only authorized to conduct business from locations in Sacramento. AAMCO

7    denies the remaining allegations in paragraph 6.

8                              General Allegations

9    7.    AAMCO admits that AAMCO is a franchisor offering franchise agreements in

10   various states to franchisees to operate a business providing automobile repair services to the

11   public using AAMCO trademarks.

12   8.    AAMCO admits that on or about February 27, 2003, AAMCO entered into a

13   franchise agreement with Schuette for a franchise location at 2257 Arden Way, Sacramento,

14   California. AAMCO denies the remaining allegations in paragraph 8.

15   9.    AAMCO admits that on or about February 18, 2004, AAMCO entered into a

16   franchise agreement with Schuette for a franchise location at 6441 Franklin Boulevard,

17   Sacramento, California. AAMCO denies the remaining allegations in paragraph 9.

18   10.   AAMCO denies the allegations in paragraph 10.

19   11.   AAMCO admits that on or about February 11, 2011, AAMCO sent a notice of

20   default to plaintiff Schuette. AAMCO admits that no later than February 14, 2011, Schuette

21   received this notice of default from AAMCO. AAMCO admits that this notice of default

22   identified numerous defaults of plaintiff Schuette, as set forth more fully in the February 11,

23   2001 default notice, and provided certain cure opportunities, as set forth more fully in the

24   February 11, 2001 default notice. The February 11, 2001 notice is a written documents and, as

25   such, is the best evidence of its contents. AAMCO denies the remaining allegations in

26   paragraph 11.

27   12.   AAMCO denies the allegations in paragraph 12.

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

No. 2:11-CV-00641-KJM-DAD

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

1      13.   AAMCO admits that some of the sums demanded by defendant AAMCO included

2    interest calculated at 18%.  AAMCO denies the remaining allegations in paragraph 13.

3      14.   AAMCO denies the allegations in paragraph 14.

4      15.   AAMCO denies the allegations in paragraph 15.

5      16.   AAMCO lacks sufficient information to form a belief as to the truth of the

6    allegation in paragraph 16 that "Upon receiving the above demand notice, plaintiff Schuette

7    communicated with the Sacramento Ad Coop" and, on that basis, denies that allegation.

8    AAMCO denies the remaining allegations in paragraph 16.

9      17.   AAMCO admits that it terminated both the Arden Way and Franklin Boulevard

10   franchises on or about February 24, 2011.  AAMCO denies the remaining allegations in

11   paragraph 17.

12     18.   AAMCO denies the allegations in paragraph 18.

13     19.   AAMCO admits that after the termination of the Arden Way and Franklin Blvd

14   franchise agreements, the Arden Way and Franklin Blvd centers were removed from the

15   storelocator portion of the AAMCO website: www.aaaco.com.  AAMCO denies the remaining

16   allegations in paragraph 19.

17     20.   AAMCO admits that after the termination of the Arden Way and Franklin Blvd

18   franchise agreements, AAMCO has attempted to prevent Schuette from using telephone

19   numbers advertised under the AAMCO trademark.  AAMCO denies the remaining allegations in

20   paragraph 20.

21                    FIRST CAUSE OF ACTION (Breach of Written Contract)

22     21.   AAMCO realleges and incorporates by reference paragraphs 1-20 of its Answer as

23   though fully set forth herein.

24     22.   AAMCO denies the allegations in paragraph 22.

25     23.   AAMCO denies the allegations in paragraph 23.

26     24.   AAMCO denies the allegations in paragraph 24.

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

No. 2:11-CV-00641-KJM-DAD                         AAMCO TRANSMISSIONS, INC.'S ANSWER TO
                                                                    COMPLAINT AND COUNTERCLAIM

1   SECOND CAUSE OF ACTION (Breach of California Franchise Relations Act)

2       25.   AAMCO realleges and incorporates by reference paragraphs 1-24 of its Answer as

3   though fully set forth herein.

4       26.   AAMCO denies the allegations in paragraph 26.

5       27.   AAMCO denies the allegations in paragraph 27.

6   THIRD CAUSE OF ACTION

7   (Breach of Section 17200 Of The California Business & Professions Code)

8       28.   AAMCO realleges and incorporates by reference paragraphs 1-27 of its Answer as

9   though fully set forth herein.

10       29.   The assertion that "Defendant AAMCO owed plaintiff Schuette a duty to not

11   engage in illegal, fraudulent or unfair trade practices prohibited under Section 17200 of the

12   California Business & Professions Code, causing plaintiff Schuette injury to his property or

13   businesses" is a  legal conclusion requiring no response from AAMCO.

14       30.   AAMCO denies the allegations in paragraph 30.

15       31.   AAMCO denies the allegations in paragraph 31.

16       32.   AAMCO denies the allegations in paragraph 32.

17       33.   AAMCO denies the allegations in paragraph 33.

18       34.   AAMCO denies the allegations in paragraph 34.

19   FOURTH CAUSE OF ACTION (Declaratory Relief)

20       35.   AAMCO realleges and incorporates by reference paragraphs 1-34 of its Answer as

21   though fully set forth herein.

22       36.   The assertion that "an actual controversy has arisen and now exists between

23   plaintiff Schuette and defendant AAMCO regarding the respective rights and duties under the

24   Franchise Agreements" is a legal conclusion requiring no response from AAMCO.  AAMCO

25   admits that Schuette contends that the Franchise Agreements were not properly terminated by

26   AAMCO, despite the fact that the evidence demonstrates that the Franchise Agreements were

27   properly terminated.  AAMCO admits that AAMCO contends that the Franchise Agreements

28   were properly terminated.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

No. 2:11-CV-00641-KJM-DAD            AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

37.    The assertion that "an additional actual controversy has arisen and now exists between plaintiff Schuette and defendant AAMCO regarding the rights and duties under the Franchise Agreements" is a legal conclusion requiring no response from AAMCO.  With respect to Schuette, AAMCO has not and will not seek to enforce the arbitration (Franchise Agreements section 22.1), post-termination non-compete (Franchise Agreements section 19.2(b)), or Pennsylvania venue provisions in the Franchise Agreements.  AAMCO admits that AAMCO contends that its choice-of-law provision is valid and enforceable, although AAMCO also admits that the provisions of the California Franchise Relations Act apply to Schuette's franchises, as set forth in California Business and Professions Code section 20015.  AAMCO denies the remaining allegations in paragraph 37.

38.    AAMCO admits that a judicial declaration is necessary and appropriate with respect to whether the Franchise Agreements were properly terminated.  AAMCO denies the remaining allegations in paragraph 38.

39.    AAMCO denies the allegations in paragraph 39.

## AFFIRMATIVE AND ADDITIONAL DEFENSES (applicable to all causes of action)

As and for separate affirmative or additional defenses to the purported causes of action in Schuette's Complaint, AAMCO states as follows:

### FIRST DEFENSE

The Complaint and each of the purported causes of action alleged therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint and each of the purported causes of action alleged therein fail to state facts sufficient to constitute a cause of action.

### THIRD DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred by Schuette's unclean hands.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-5-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

FOURTH DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred by Schuette's fraudulent conduct.

FIFTH DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred because AAMCO complied with the requirements of the California Franchise Relations Act, as well as all applicable statutes, requirements, regulations, laws, and common law, as well as the agreements between the parties.

SIXTH DEFENSE

AAMCO's alleged acts, conduct or omissions were lawful, privileged, or justified.

SEVENTH DEFENSE

The Complaint and each of the purported cause of action alleged therein are barred because AAMCO fully performed all of its contractual obligations, if any, owed to Schuette.

EIGHTH DEFENSE

The Complaint and each of the purported cause of action alleged therein are barred because AAMCO performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the agreements between the parties.

NINTH DEFENSE

The Complaint and each of the purported causes of action alleged therein are barred because Schuette is estopped from seeking the relief sought in the Complaint and each of the purported causes of action alleged therein.

TENTH DEFENSE

Schuette has not and will not be irreparably harmed and is thus not entitled to any injunctive relief.

ELEVENTH DEFENSE

Schuette's claimed injuries, damages or losses, the fact and extent of which AAMCO expressly denies, are due to Schuette's own acts or negligence or the acts or negligence of Schuette's agents or other parties, and thus AAMCO was not the proximate cause of any of

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

No. 2:11-CV-00641-KJM-DAD                    AAMCO TRANSMISSIONS, INC.'S ANSWER TO
                                             COMPLAINT AND COUNTERCLAIM

1    Plaintiff's alleged loss.

2                              TWELFTH DEFENSE

3        Any damages allegedly sustained by Schuette, the fact and extent of which AAMCO

4    expressly denies, were the result of an intervening or superseding cause or circumstance, and

5    thus AAMCO was not the proximate cause of any of Plaintiff's alleged loss.

6                             THIRTEENTH DEFENSE

7        Any damages sustained by Schuette, the fact and extent of which are expressly denied, was

8    either wholly or in part proximately caused by and/or contributed to by the fault of others,

9    whether that fault be the proximate result of intentional conduct, negligence, breach of contract,

10   or any other type of fault, of persons, firms, corporations or entities other than AAMCO, for

11   which AAMCO is not responsible.  Said intentional conduct, negligence or fault bars recovery

12   against AAMCO or comparatively reduces the percentage of fault or negligence, if any, of

13   AAMCO.

14                            FOURTEENTH DEFENSE

15       To the extent Schuette has been damaged, which AAMCO denies, such damages are the

16   result of conduct, breaches, acts, or omissions of Plaintiff or others and not AAMCO.

17                             FIFTEENTH DEFENSE

18       At all times mentioned herein, Schuette was negligent, careless and at fault and

19   conducted himself so as to contribute substantially to any alleged risk of injuries and damages.

20   Said negligence, carelessness and fault bars in whole or in part the damages Schuette seeks to

21   recover.

22                             SIXTEENTH DEFENSE

23       To the extent AAMCO is held liable to Schuette, which liability is expressly denied,

24   AAMCO is entitled to indemnification, contribution, subrogation and/or equitable

25   apportionment for such claims among all other parties responsible for Schuette's claims.

26                            SEVENTEENTH DEFENSE

27       Schuette's claims are barred because Schuette sustained no injury as a result of any of

28   AAMCO's alleged conduct.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-7-

EIGHTEENTH DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the active fault of Schuette and/or his agents, attorneys, employees or other representatives.

NINETEENTH DEFENSE

The Complaint, and each and every purported cause of action therein, is barred and/or Schuette's recovery is reduced because Schuette's alleged damages were the result of Schuette's comparative fault.

TWENTIETH DEFENSE

AAMCO plead as a set-off any monies received by Schuette for injuries or damages, including, but not limited to, any insurance proceeds.

TWENTY-FIRST DEFENSE

Schuette's claims are barred by the parol evidence rule to the extent they are based on allegations of duties, obligations, or omissions which are not specifically addressed in the parties' franchise agreements.

TWENTY-SECOND DEFENSE

Schuette's recovery against AAMCO, if any, is barred and/or limited to the extent Schuette has failed to mitigate, minimize, or avoid any damages he has allegedly suffered.

TWENTY-THIRD DEFENSE

Without admitting any liability, if AAMCO failed to fully perform all things and conditions to be performed under the franchise agreements, the balance of such performance, if any, was prevented, excused, or frustrated by acts or omissions of Schuette or by operation of law.

TWENTY-FOURTH DEFENSE

The Complaint, and each of the purported causes of action alleged therein, are barred to the extent Schuette released them.

TWENTY-FIFTH DEFENSE

The Complaint fails to state facts revealing a justiciable controversy between Plaintiff and AAMCO.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-8-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

### TWENTY-SIXTH DEFENSE

The Complaint, and each of the purported causes of action alleged therein, are barred by applicable statutes of limitations.

### TWENTY-SEVENTH DEFENSE

The Complaint, and each of the purported causes of action alleged therein, are barred by the doctrine of laches.

### TWENTY-EIGHTH DEFENSE

The Complaint, and each of the purported causes of action alleged therein, are barred to the extent Plaintiff has waived the purported causes of action alleged in the Complaint.

### TWENTY-NINTH DEFENSE

AAMCO's acts were at all times done in good faith and without malice or fraud, with respect to each and every purported cause of action in Plaintiff's Complaint.

### THIRTIETH DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the terms of the alleged Franchise Agreements between AAMCO and Schuette.

### THIRTY-FIRST DEFENSE

Schuette is not entitled to recovery from AAMCO to the extent his damages claims are speculative.

### THIRTY-SECOND DEFENSE

To the extent that Schuette has breached or failed to perform or acted in violation of the implied covenant of good faith and fair dealing arising from the Franchise Agreements with AAMCO, and that conduct on the part of Schuette proximately caused and contributed to Schuette's alleged damages, Schuette is barred from recovery.

### THIRTY-THIRD DEFENSE

Plaintiff consented to and/or authorized all conduct and/or omissions of AAMCO alleged in the Complaint.

### THIRTY-FOURTH DEFENSE

Schuette's claims are barred because the alleged conduct of AAMCO was not unfair and

-9-

1    was undertaken in good faith for a valid business purpose.

2    THIRTY-FIFTH DEFENSE

3        To the extent AAMCO is liable to Schuette, if at all, AAMCO is entitled to a set-off on

4    account of damages sustained by AAMCO as a result of the acts, conduct or omissions of

5    Schuette.

6    THIRTY-SIXTH DEFENSE

7        Any recovery herein by Schuette would constitute unjust enrichment.

8    THIRTY-SEVENTH DEFENSE

9        AAMCO's practices are not and were not unfair, unlawful, or fraudulent.

10   THIRTY-EIGHTH DEFENSE

11       AAMCO reserves the right to add further additional defenses as they become apparent

12   upon reasonable investigation and discovery.

13

14   **COUNTERCLAIM**

15       In addition to answering the Complaint, AAMCO asserts the following counterclaim

16   against plaintiff and counter-defendant David Schuette ("Schuette") as follows:

17   **Preliminary Statement**

18       This action arises out of the continuing unauthorized use of AAMCO's service marks and

19   franchise system by a former AAMCO franchisee (Schuette) after the valid termination of the

20   franchise agreements between Schuette and AAMCO.  Schuette was a franchisee of AAMCO

21   that operated two AAMCO centers in Sacramento.  AAMCO is the franchisor of the AAMCO

22   system and owner of the AAMCO marks.  After notice and an opportunity to cure, AAMCO

23   terminated Schuette's franchise agreements in accordance with their terms for failure to cure the

24   defaults within the cure period.  Despite the valid termination, Schuette is continuing to operate

25   his businesses under the AAMCO marks and is holding his businesses out to the public as

26   legitimate, authorized members of the AAMCO franchise system.  Schuette's continued

27   operation under the AAMCO marks poses a threat to the goodwill of the AAMCO system as a

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
                                                              COMPLAINT AND COUNTERCLAIM

1    whole.  AAMCO seeks injunctive relief to protect its goodwill and to protect consumers, as well

2    as declaratory and monetary relief.

3                                    **Parties**

4         1.    Defendant and counterclaimant AAMCO Transmissions, Inc. ("AAMCO") is a

5    Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road,

6    Horsham, Pennsylvania, 19044.  AAMCO is engaged in the business of franchising independent

7    businesspeople to operate AAMCO centers throughout the United States and abroad.  AAMCO

8    franchisees are licensed to use the trade names, service marks, and trademarks of AAMCO and

9    to operate under the AAMCO System, which involves methods, techniques, and systems for the

10   operation of centers that do transmission and general automotive repair under the AAMCO

11   name.

12        2.    Plaintiff and counter-defendant David Schuette ("Schuette") is an adult individual

13   who is a citizen of the state of California.  Upon information and belief, Schuette resides in the

14   Eastern District of California.

15                            **Jurisdiction and Venue**

16        3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332,  15 U.S.C. § 1121, 28

17   U.S.C. § 1338, and 28 U.S.C. §1367.  This Court has jurisdiction over any compulsory

18   counterclaims to the Complaint.  *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, n 1

19   (1974).

20        4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Venue is also proper

21   in this district for these counterclaims because venue was proper for the Complaint.  *See, e.g.,*

22   *Competitive Technologies v. Fujitsu Ltd.*, 286 F.Supp.2d 1118, 1142, fn 17 (N.D. Cal. 2003).

23                    **The AAMCO System, Including The AAMCO Marks**

24        5.    Since at least 1963, AAMCO has continually used the name "AAMCO" as its trade

25   name, trademark and service mark in connection with the operation of transmission repair

26   centers.  AAMCO is engaged in interstate commerce in, *inter alia*, the business of franchising or

27   licensing others to use the mark and name "AAMCO" in the operation of transmission and

28   general automotive repair centers throughout the United States and abroad.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-11-

1      6.    AAMCO is the owner of the following marks (the "AAMCO Marks") registered on

2   the principal register of the United States Patent and Trademark office for "automobile repair

3   services":

4        <u>Registration #</u>                <u>Description</u>

5        851,209               The name "AAMCO".

6        860,330               Pictorial representation containing the name "AAMCO".

7        3,875,638             The word "AAMCO" outlined in between the words

8                              "Transmissions" and Total Car Care," both on top of an irregular-

9                              shaped octagon, all of which are contained in an irregular-shaped

10                             hexagon.

11      7.    Each of these registrations is valid and fully enforceable.

12      8.    The AAMCO Marks have not been abandoned and are widely used by AAMCO

13   throughout the United States. AAMCO intends to preserve and maintain its rights to the AAMCO

14   Marks and to continue to use the AAMCO Marks for the licensing and operation of its transmission

15   and general automotive repair centers.

16      9.    By virtue of the wide renown of the AAMCO Marks, the AAMCO Marks have

17   developed secondary meaning and significance in the minds of the purchasing public.  The

18   AAMCO Marks are distinctive, have been used throughout the United States, and are well known

19   to the trade and members of the purchasing public. The public generally associates and identifies

20   the AAMCO Marks with AAMCO.  The "AAMCO" trade name and trademark have become

21   associated with the repair of motor vehicle transmissions and motor vehicles and the operation of

22   transmission and general automotive repair centers.  As a result, AAMCO owns common-law trade

23   name and trademark rights in the name "AAMCO" and in the marks described above.  By virtue of

24   the long use and promotion and the resulting fine public reputation of the trade name "AAMCO",

25   there exists a secondary meaning in the name "AAMCO" and the above marks.

26      10.   Large sums of money have been spent in advertising and promoting the services sold

27   under the AAMCO Marks, and today AAMCO has a substantial business and a long established

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-12-

1   goodwill associated with the name and the above marks in connection with the services provided

2   under its trade name and trademarks.

3       11.   AAMCO has a vital interest in protecting its trade name and trademarks and the

4   preservation and protection thereof are essential to the maintenance of AAMCO's quality

5   transmission and general automotive repair centers and the goodwill and reputation associated

6   therewith.  To supervise and control use of its trade name and trademarks, AAMCO has established

7   standards and policies governing the quality of service to be provided to the public and has

8   established procedures calling for the inspection of franchisees' centers to determine that the

9   standards and policies are being followed.

10   **The Franchise Agreements Between The Parties**

11       12.   On or about February 27, 2003, AAMCO and Schuette entered into a franchise

12   agreement, pursuant to which Schuette was authorized to use and has used the name and mark

13   "AAMCO" in connection with the operation of an automotive repair center located at 2257 Arden

14   Way, Sacramento, CA 95825 (the "Arden Center").  A true and correct copy of this franchise

15   agreement (the "Arden Franchise Agreement") is attached hereto, marked as Exhibit A and

16   incorporated herein by reference.

17       13.   On or about November 18, 2004, AAMCO and Schuette entered into a second

18   franchise agreement, pursuant to which Schuette was authorized to use and has used the name and

19   mark "AAMCO" in connection with the operation of an automotive repair center located at 6441

20   Franklin Boulevard, Sacramento, CA 95823 (the "Franklin Center").  A true and correct copy of

21   this franchise agreement (the "Franklin Franchise Agreement") is attached hereto, marked as

22   Exhibit B and incorporated herein by reference.  For purposes of this Counterclaim, the Arden

23   Franchise Agreement and Franklin Franchise Agreement are collectively "the Franchise

24   Agreements."

25       14.   The Franchise Agreements provide for Schuette's use of AAMCO's proprietary

26   information pertaining to the AAMCO System, including, but not limited to, the AAMCO Marks,

27   logos, slogans, servicemarks, trade dresses, goodwill, copyrights, trade secrets, know-how,

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1  operating methodologies, systems, standards and manuals, marketing materials, signage, furniture,

2  equipment, fixtures, training programs, specifications and policies.

3      15.   As provided under the Franchise Agreements, AAMCO shared with Schuette its

4  proprietary systems, information and trade secrets for operating a successful automotive repair

5  business which AAMCO had developed over its more than 40 year history.  AAMCO provided

6  Defendant with AAMCO's proprietary manuals, customer lists and software.

7      16.   In Section 5.5 of the Franchise Agreements, Schuette agreed, "Franchisee

8  acknowledges that AAMCO is the sole owner of all rights to the AAMCO service program, and of

9  all books, manuals or documents provided to Franchisee for the operation of his center.  Franchisee

10  recognizes that AAMCO has expended substantial funds and effort in the development of its

11  service program, training, diagnostic and technical materials, and operating techniques, and he

12  specifically agrees not to engage in competition with AAMCO using any training or policy

13  manuals, catalogues, lists, forms or aids provided by AAMCO."

14      17.   In Section 19.2 of the Franchise Agreements, Schuette agreed that, "Franchisee

15  acknowledges that as a franchisee of AAMCO he will receive confidential information and

16  materials and trade secrets and have access to unique procedures and systems developed by

17  AAMCO."

18  **Required Franchise Fees And Weekly Reports Under The Franchise Agreements**

19      18.   The Franchise Agreements require that Schuette pay to AAMCO a weekly franchise

20  fee calculated at seven percent (7 %) of the gross receipts at Schuette's Centers for the preceding

21  week.  In particular, section 3.1 of the Franchise Agreements provides, "Starting with the opening

22  of his center, Franchisee agrees to pay a weekly franchise fee to AAMCO of seven (7)% of the

23  gross receipts of the preceding week.  'Gross receipts' shall mean all forms of consideration

24  received for parts or services in the center, including supplies and accessories, regardless of

25  whether for manual or automatic transmissions, whether from wholesale, fleet, commercial or retail

26  business."

27      19.   The Franchise Agreements require that Schuette provide AAMCO with weekly reports

28  that are accompanied by franchise fees.  In particular, Section 4.1 of the Franchise Agreements

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-14-

provides, "Starting with the opening of his center, Franchisee agrees to mail to AAMCO an accurate report of gross receipts received during the preceding week and such other information or reports as AAMCO may request. These should accompany a check or money order for the amount required under section 3.1, and should be mailed so as to be received no later than Tuesday of each week. Franchisee acknowledges that failure to furnish complete and accurate reports of business on a timely basis deprives AAMCO of the means to control and supervise the use of its marks, or to communicate with members of the motoring public who are customers of AAMCO's franchisees. In addition to an accurate report of gross receipts on the forms prescribed by AAMCO, business reports shall also consist of all home office copies of repair order forms used in the center during the reporting period which shall be attached to the prescribed form."

### Required Local Advertising Payments Under the Franchise Agreements

20.    As set forth more fully in Section 7.2 of the Franchise Agreements, Schuette is required to participate in and pay for advertising programs with other franchisees in his market area. As set forth more fully in Section 7.2 of the Franchise Agreements, Schuette agreed that if he failed to pay the amounts due to his local advertising group, AAMCO would have the right to recover such sums from him. Section 7.2 provides, "Franchisee acknowledges that, in addition to Yellow Pages advertising, it is mandatory to employ advertising at the local level and to participate in and pay for advertising programs and promotional activities at the local level....Franchisee further agrees to share local advertising expenses with other franchisees in the Designated Market Area (DMA) as defined by A.C. Nielsen Company which may change from time-to-time....If Franchisee fails to pay promptly an amount due his advertising agency or his local advertising group or pool, then either AAMCO, or other AAMCO franchisees in the local advertising group or pool of which Franchisee is a member, or the local advertising group or pool shall be entitled to recover the amount due from Franchisee..."

### Required Use Of Record Keeping Systems And Forms That AAMCO Requests

21.    The Franchise Agreements require that Schuette only use forms that are authorized by AAMCO. In particular, Section 5.2 of the Franchise Agreements provides, in relevant part, "In his operation of his center, Franchisee agrees to use only such forms as AAMCO specifically

-15-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1   prescribes or authorizes including, without limitation, AAMCO multi-check, AAMCO repair order,

2   AAMCO warranty cards and AAMCO reporting forms."

3        22.   In addition, Section 11.1 of the Franchise Agreements provides, "Franchisee agrees to

4   keep true and correct books and records according to directions of AAMCO, and to employ such

5   record keeping systems as AAMCO may request.  Franchisee agrees to promptly deliver to

6   AAMCO records, reports, and copies of tax returns which AAMCO may request....Franchisee

7   agrees to use exclusively numerically certified work or repair orders provided by AAMCO as part

8   of standard auditing procedures.  Franchisee further agrees to furnish to AAMCO bank deposit

9   slips, verification of cash receipts and any other documents or information requested by AAMCO."

10                    **Interest And Attorneys Fees Under The Franchise Agreements**

11       23.   As set forth more fully in section 14.1 of the Franchise Agreements, the Franchise

12   Agreements provide for interest on late payments: "Franchisee agrees to pay all invoices from

13   AAMCO for merchandise or other items under this Agreement in strict accordance with the

14   payment and credit terms applicable to them when they are issued.  Any such amount not so paid

15   when due, as well as any amount due from Franchisee under any section of this Agreement, shall

16   bear interest at the annual rate of eighteen percent (18%), or the legally permissible rate, whichever

17   is less, from thirty (30) days after the due date until payment.  The payment of such interest will not

18   be deemed to allow delay in the payment of those invoices or other or amounts."

19       24.   As set forth more fully in Sections 14.1 and 21.5 of the Franchise Agreement, the

20   Franchise Agreements allow AAMCO to recover all costs incurred in bringing this action,

21   including attorneys' fees.  Plaintiff AAMCO has incurred and continues to incur attorneys fees in

22   the pursuit of this action.

23                      **Cross Default Provisions Under The Franchise Agreements**

24       25.   The Franchise Agreements contain cross-default provisions, including the following:

25   "Franchisee acknowledges and agrees that should he be found to be in breach of one of his

26   Franchise Agreements, which breach is based, in whole or in part, upon the fraudulent acts of

27   Franchisee or on Franchisees failure to deal honestly and fairly with AAMCO or with any

28   customer of the Repair Centers, that breach shall be deemed to be a breach of all Franchise

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-16-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
                                                      COMPLAINT AND COUNTERCLAIM

1    Agreements between Franchisee and AAMCO and shall constitute sufficient grounds and good

2    cause to terminate all such Franchise Agreements, it being specifically acknowledged that such

3    breach will cause AAMCO irreparable injury to its trademark and trade name."

### Right to Terminate Under The Franchise Agreements

5    　　26.　As set forth more fully in Section 18.1 of the Franchise Agreements, AAMCO was

6    entitled to terminate the Franchise Agreements for Schuette's "failure to make any payments to an

7    advertising agency and/or local advertising group or pool, or to make any other advertising

8    payment required pursuant to section 7 of this Agreement"; for Schuette's "failure to make any

9    payments required under any provision of this Agreement" or "if Franchisee shall commit a

10   violation of any provision of this Agreement."　As set forth more fully in Section 18.1 of the

11   Franchise Agreements, Schuette was given ten (10) days within which to "cure completely any

12   default based on a failure to make any payment required under any provision of this Agreement."

13   As set forth more fully in Section 18.1 of the Franchise Agreements, "Failure of Franchisee to

14   effect such cure within the cure period shall result in the immediate termination of this Agreement.

15   It shall be Franchisees' responsibility to advise AAMCO of his attempt to cure any default."

### Post-Termination Obligations Under The Franchise Agreements

17   　　27.　As set forth more fully in Section 19.1 of the Franchise Agreements, Schuette has

18   several post-termination obligations including, but not limited to obligations to

19   　　　　a.　"immediately and permanently discontinue the use of the AAMCO mark and all

20   　　　　　　similar names or marks, and any other designations tending to indicate that

21   　　　　　　Franchisee is or was an authorized AAMCO franchisee"

22   　　　　b.　"promptly surrender to AAMCO all signs, training materials, manuals, videos,

23   　　　　　　stationery, letterheads, forms, repair orders, printed matter and advertising

24   　　　　　　material containing the mark AAMCO, all similar names or marks or any other

25   　　　　　　designation tending to indicate that Franchisee is or was an authorized franchisee

26   　　　　　　of AAMCO"

27   　　　　c.　"immediately and permanently discontinue all advertising as an authorized

28   　　　　　　AAMCO dealer"

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-17-

d. "promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number."

e. promptly pay AAMCO all sums due and owing, and

f. promptly pay AAMCO $5,000 to be held for up to 2 years to cover the costs of warranty work for customers of Franchisee's former centers.

**Investigation Of Schuette By Bureau of Automotive Repairs**

**for the California Department of Consumer Affairs**

28. Schuette Enterprises, Inc. d/b/a AAMCO Transmissions, with David Alan Schuette as president, is the subject of a First Amended Accusation by the Bureau of Automotive Repairs for the California Department of Consumer Affairs. The First Amended Accusation contains twenty-three causes for discipline, including allegations of consumer fraud and untrue and misleading statements. A true and correct copy of the First Amended Accusation, which is dated October 12, 2010, is attached as Exhibit C and incorporated by reference.

**Schuette's Pre-Termination Breaches of The Franchise Agreements**

29. As of February 11, 2011, Schuette had failed to pay all franchise fees as required by the Arden Franchise Agreement and Franklin Franchise Agreement.

30. As of February 11, 2011, Schuette had also failed to submit all weekly business reports as required by the Arden Franchise Agreement and Franklin Franchise Agreement, and to pay all franchise fees owed on these reports.

31. As of February 11, 2011, Schuette had also failed to pay to the Sacramento Advertising Pool (the "Ad Pool") all amounts as required by the Arden Franchise Agreement and Franklin Franchise Agreement.

**Notice To Schuette That He Was In Breach of The Franchise Agreements**

32. By letter dated February 11, 2011, AAMCO placed Schuette on notice that he was in default under both Franchise Agreements. A true and correct copy of the February 11, 2011 breach

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-18-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

1    notice is attached hereto as Exhibit D and incorporated by reference. As set forth more fully in

2    Exhibit D, this February 11, 2001 notice stated that Schuette was in default for

3         a.   failing to timely pay amounts due to AAMCO as required by the Arden Franchise

4              Agreement and Franklin Franchise Agreement;

5         b.   failing to timely submit required weekly business reports and to timely pay the

6              applicable fees due on these reports as required by the Arden Franchise Agreement

7              and Franklin Franchise Agreement; and

8         c.   failing to timely pay amounts due to the Sacramento Advertising Pool.

9         33.  As set forth more fully in Exhibit D, this notice demanded that Schuette cure the

10   payment defaults within ten (10) days.

11        34.  Upon information and belief, Schuette received this notice of breach no later than

12   February 14, 2011.

13   **Termination Of The Franchise Agreements Following's Schuette's Failure To Cure**

14        35.  Schuette failed to cure all payment defaults within ten (10) days of his receipt of the

15   February 11, 2011 default notice. As of March 30, 2011 (when this counterclaim was prepared),

16   Schuette still had not cured all payment defaults nor provided every missing report.

17        36.  As set forth more fully in a letter dated February 24, 2011, AAMCO notified Schuette

18   that, based on Schuette's failure to timely cure the defaults, the Franchise Agreements were

19   terminated for cause. A true and correct copy of the February 24, 2011 letter providing notice of

20   the termination is attached hereto at Exhibit E and incorporated by reference.

21   **Schuette's Failure to Comply With Post-Termination Requirements**

22        37.  Despite the proper termination of the Franchise Agreements, Schuette has refused to

23   comply with the post-termination obligation required by Section 19.1 of the Franchise Agreements

24   and continues to operate transmission and general automotive repair businesses from the Arden

25   Center and Franklin Center locations using the AAMCO Marks. Among other things, Schuette has

26   not complied with the following obligations:

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-19-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

a. "immediately and permanently discontinu[ing] the use of the AAMCO mark and all similar names or marks, and any other designations tending to indicate that Franchisee is or was an authorized AAMCO franchisee";

b. "promptly surrender[ing] to AAMCO all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO";

c. "immediately and permanently discontin[uing] all advertising as an authorized AAMCO dealer";

d. "promptly transfer[ring] to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execut[ing] such instruments and tak[ing] such steps as AAMCO may require to accomplish the transfer of each such telephone number.";

e. promptly paying AAMCO all sums due and owing; and

f. promptly paying AAMCO $5,000 to be held for up to 2 years to cover the costs of warranty work for customers of Franchisee's former centers.

**FIRST CLAIM FOR RELIEF**

**(Service Mark Infringement)**

38.   AAMCO incorporates by reference Paragraphs 1-37 of this Counterclaim as if fully set forth herein.

39.   Without the consent of AAMCO, Schuette has continued to use the AAMCO Marks after termination of the Franchise Agreements.

40.   Schuette's continued use of the AAMCO Marks without authorization or license is likely to cause confusion in the public mind concerning the source, affiliation, or sponsorship of goods and services being offered under the AAMCO Marks.

41.   Consumers are likely to believe, contrary to fact, that Schuette is an authorized franchisee of AAMCO, and that the services being provided at the Franklin Center and Arden

-20-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1  Center have been sponsored, approved, or licensed by AAMCO or, are in some way affiliated or

2  connected with AAMCO.

3       42.    Upon information and belief, Schuette is willfully, intentionally, and knowingly using

4  service marks and designations that are confusingly similar to AAMCO's Marks in violation of

5  Section 32 of the Lanham Act, 28 U.S.C. § 1114.

6       43.    Upon information and belief, Schuette's actions were done willfully with full

7  knowledge of the falsity of such designations of origin and false descriptions or representations,

8  and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

9  Even though Schuette received notice of his infringement, Schuette intentionally and willfully

10  continued his unauthorized use of the AAMCO Marks.

11       44.    Schuette's conduct described above is causing irreparable injury to the business,

12  reputation and goodwill of AAMCO, and to the AAMCO Marks, which will continue unabated

13  unless enjoined by this Court.  AAMCO has no adequate remedy at law.

14       45.    Unless Schuette is enjoined, AAMCO believes and therefore avers that Schuette will

15  continue his infringing use of the AAMCO Marks at the Arden Center and Franklin Center.

16       46.    In addition, Schuette's conduct described above is causing monetary damages to

17  AAMCO, in an amount to be proven at trial.

18                        **SECOND CLAIM FOR RELIEF**:

19                       **(Federal Trademark Counterfeiting)**

20       47.    AAMCO incorporates by reference Paragraphs 1-46 of this Counterclaim as if fully

21  set forth herein

22       48.    Schuette's use of AAMCO Marks that are identical to, or substantially

23  indistinguishable from the AAMCO Marks is willful and malicious and has caused and is likely to

24  continue to cause confusion with the actual AAMCO Marks.

25       49.    Schuette's conduct has caused and is causing irreparable injury and damage to

26  AAMCO and the AAMCO Marks, in violation of Section 32 of the Lanham Act, 28 U.S.C. § 1114.

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-21-

1    50.    Schuette's conduct described above is causing irreparable injury to the business,

2    reputation and goodwill of AAMCO, and to the AAMCO Marks, which will continue unabated

3    unless enjoined by this Court.  AAMCO has no adequate remedy at law.

4    51.    In addition, Schuette's conduct described above is causing monetary damages to

5    AAMCO, in an amount to be proven at trial.

6    ### THIRD CLAIM FOR RELIEF

7    ### (Federal Unfair Competition)

8    52.    AAMCO incorporates by reference Paragraphs 1-51 of this Counterclaim as if fully

9    set forth herein

10   53.    Schuette's unauthorized use of the AAMCO Marks and holding himself out as a duly

11   licensed member of the AAMCO system constitutes false designation of origin, false or misleading

12   descriptions of fact, and false or misleading representations of fact, which are likely to cause

13   confusion or mistake, or to deceive as to the affiliation, connection, or association between Schuette

14   and AAMCO, or as to the origin, sponsorship, or approval of the goods or services being offered by

15   Schuette, or as to AAMCO's approval of Schuette's commercial activities.

16   54.    Schuette's conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17   55.    Schuette's conduct described above is causing irreparable injury to the business,

18   reputation and goodwill of AAMCO, and to the AAMCO Marks, which will continue unabated

19   unless enjoined by this Court.  AAMCO has no adequate remedy at law.

20   56.    In addition, Schuette's conduct described above is causing monetary damages to

21   AAMCO, in an amount to be proven at trial.

22   ### FOURTH CLAIM FOR RELIEF

23   ### (Cal. Unfair Competition Law, Cal. Business & Professions Code § 17200 et seq)

24   57.    AAMCO incorporates by reference Paragraphs 1-56 of this Counterclaim as if fully

25   set forth herein

26   58.    California Business & Professions Code Section 17200 provides that unfair

27   competition means and includes "any unlawful, unfair or fraudulent business act or practice and

28   unfair, deceptive, untrue or misleading advertising."

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-22-

59.   Schuette's actions in continuing to utilize, display and identify the Arden and Franklin Centers with the AAMCO trademark, without the consent of AAMCO, is an unlawful, unfair or fraudulent business act or practice and/or unfair, deceptive, untrue or misleading advertising prohibited by California Business & Professions Code Section 17200 et. seq.

60.   As a result of Schuette's acts of unfair competition, AAMCO has suffered and will continue to suffer irreparable harm, and AAMCO has no adequate remedy at law with respect to this injury. Unless the acts of unfair competition are enjoined by this Court, Plaintiff will continue to suffer a risk of irreparable harm.

61.   As a direct result of the above illegal, fraudulent and unfair business practices, Schuette has been unjustly enriched and has otherwise received revenues which should be held in trust and disgorged, which monies should be returned to AAMCO by restitution, disgorgement, or other equitable remedies.

62.   AAMCO is entitled to attorneys fees under Section 1021.5 of the California Code of Civil Procedure.

### FIFTH CLAIM FOR RELIEF

#### (Common Law Unfair Competition)

63.   AAMCO incorporates by reference Paragraphs 1-62 of this Counterclaim as if fully set forth herein

64.   Schuette's conduct is in violation of the common law of unfair competition in that he is:

    a.   Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Arden Center and Franklin Center;

    b.   Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by AAMCO of his conduct of business at the Arden Center and Franklin Center; and,

    c.   Representing to the public that the business conducted at the Arden Center and Franklin Center has AAMCO's approval, which it does not.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-23-

AAMCO TRANSMISSIONS, INC.'S ANSWER TO
COMPLAINT AND COUNTERCLAIM

65.   These acts by Schuette have been committed willfully and with full knowledge of the refusal of AAMCO to authorize the sale of goods and services at the Arden Center and Franklin Center under the AAMCO Marks; and with the intention of deceiving and misleading the public.

66.   AAMCO is without an adequate remedy at law.  Schuette's unlawful trade practices will irreparably harm and injure AAMCO's trademarks, trade name, reputation and goodwill.

67.   In addition, Schuette's conduct described above is causing monetary damages to AAMCO, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets - California Uniform Trade Secrets Act, Civil Code section 3426, et seq.)

68.   AAMCO incorporates by reference Paragraphs 1-67 of this Counterclaim as if fully set forth herein.

69.   While a franchisee, Schuette had access to sensitive, privileged, proprietary and confidential information that constitutes AAMCO's trade secrets. Those trade secrets include, without limitation, AAMCO's operation and policy manuals, and all information derived therefrom, including, but not limited to, specifications, training programs, standards and materials.  These materials constitute trade secrets which derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use, and are subject to efforts that are reasonable under the circumstances to maintain their secrecy.

70.   AAMCO is informed and believes and thereon alleges that after termination of the Franchise Agreements, Schuette has retained and has used AAMCO's trade secrets for his own benefit without AAMCO's consent.

71.   As a direct and proximate result of all of the conduct described above, AAMCO has been damaged in an amount not presently ascertained.

72.   As a direct and proximate result of all of the conduct described above, AAMCO has been irreparably harmed.  Unless restrained and enjoined, Schuette will continue to threaten to

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1   misappropriate or actually misappropriate all or part of the trade secrets and other confidential

2   information of AAMCO, causing irreparable harm to AAMCO.

### SEVENTH CLAIM FOR RELIEF

#### (Common Law Misappropriation of Trade Secrets)

5   73.   AAMCO incorporates by reference Paragraphs 1-72 of this Counterclaim as if fully

6   set forth herein

7   74.   While a franchisee, Schuette had access to sensitive, privileged, proprietary and

8   confidential information that constitutes AAMCO's trade secrets. Those trade secrets include,

9   without limitation, AAMCO's operation and policy manuals, and all information derived therefrom,

10   including, but not limited to, specifications, training programs, standards and materials.  These

11   materials constitute trade secrets which derive independent economic value from not being

12   generally known to the public or to other persons who can obtain economic value from their

13   disclosure or use, and are subject to efforts that are reasonable under the circumstances to maintain

14   their secrecy.

15   75.   AAMCO is informed and believes and thereon alleges that after termination of the

16   Franchise Agreements, Schuette has retained and has used AAMCO's trade secrets for his own

17   benefit without AAMCO's consent.

18   76.   As a direct and proximate result of all of the conduct described above, AAMCO has

19   been damaged in an amount not presently ascertained.

20   77.   As a direct and proximate result of all of the conduct described above, AAMCO has

21   been irreparably harmed.  Unless restrained and enjoined, Schuette will continue to threaten to

22   misappropriate or actually misappropriate all or part of the trade secrets and other confidential

23   information of AAMCO, causing irreparable harm to AAMCO.

### EIGHTH CLAIM FOR RELIEF

#### (Breaches of Post-Termination Provisions Of Franchise Agreements)

26   78.   AAMCO incorporates by reference Paragraphs 1-77 of this Counterclaim as if fully

27   set forth herein.

28   79.   AAMCO has performed all of its obligations under the Franchise Agreements.

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-25-

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

80.   Schuette has willfully and without justification failed and refused to comply with the post-termination provisions in Section 19.1 of the Franchise Agreements, including, without limitation, his obligations to

a.   "immediately and permanently discontinue the use of the AAMCO mark and all similar names or marks, and any other designations tending to indicate that Franchisee is or was an authorized AAMCO franchisee";

b.   "promptly surrender to AAMCO all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO";

c.   "immediately and permanently discontinue all advertising as an authorized AAMCO dealer"; and

d.   "promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number."

81.   AAMCO is entitled to specific performance of Section 19.1 of the Franchise Agreements.

82.   Schuette's failure to honor the procedures set forth in Section 19.1 of the Franchise Agreements is causing irreparable injury to the business, reputation and goodwill of AAMCO, and to the AAMCO Marks, which will continue unabated unless enjoined by this Court.

83.   AAMCO has no adequate remedy at law for damages, and unless specific performance of the procedures after termination is ordered and injunctive relief granted, AAMCO will continue to suffer irreparable harm.

84.   Schuette has also breached his post-termination obligations to  promptly pay AAMCO all sums due and owing, and promptly pay AAMCO $5,000 to be held for up to 2 years to cover the

1    costs of warranty work for customers of Franchisee's former centers.  AAMCO has been harmed by

2    these breaches, and is entitled to damages.

3                                    **NINTH CLAIM FOR RELIEF**

4        **(Breaches of Franchise Agreements Other Than Post-Termination Provisions)**

5        85.    AAMCO incorporates by reference Paragraphs 1-84 of this Counterclaim as if fully

6    set forth herein

7        86.    AAMCO has performed all of its obligations under the Franchise Agreements.

8        87.    Despite notice and an opportunity to cure, Schuette has failed to timely pay all

9    franchise fees owed under section 3.1 of the Arden Franchise Agreement and section 3.1 of the

10   Franklin Franchise Agreement.  As of March 30, 2011 (when this Counterclaim was prepared),

11   Schuette still had not paid all franchise fees owed under section 3.1 of the Arden Franchise

12   Agreement and section 3.1 of the Franklin Franchise Agreement.

13       88.    Despite notice and an opportunity to cure, Schuette failed to timely provide all reports

14   required by section 4.1 of the Arden Franchise Agreement and section 4.1 of the Franklin

15   Agreement, and failed to timely pay all franchise fees that should have accompanied these weekly

16   reports, as required by section 4.1 of the Arden Franchise Agreement and section 4.1 of the

17   Franklin Agreement.  As of March 30, 2011 (when this Counterclaim was prepared), Schuette still

18   had not provided all required weekly reports, and Schuette still had not paid all franchise fees that

19   should have accompanied previously submitted and still missing weekly reports.

20       89.    Despite notice and an opportunity to cure, Schuette failed to pay - prior to the

21   February 24, 2011 termination - all amounts due to the Sacramento Advertising Pool.

22       90.    Despite notice and an opportunity to cure, Schuette has failed to pay all interest due, as

23   provided by section 14.1 of the Franchise Agreements.

24       91.    As a result of the aforesaid breaches, AAMCO has been damaged and Schuette has

25   been unjustly enriched.

26

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-27-

1

## TENTH CLAIM FOR RELIEF

2

### (Declaratory Relief)

3    92.    AAMCO incorporates by reference Paragraphs 1-91 of this Counterclaim as if fully

4    set forth herein

5    93.    An actual controversy has arisen and now exists between AAMCO and Schuette

6    concerning their respective rights and duties in that AAMCO contends that AAMCO validly

7    terminated the Franchise Agreements, while Schuette disputes this contention and contends that the

8    Franchise Agreements are still in force and full effect.

9    94.    AAMCO desires a declaration that the Franchise Agreements were validly terminated.

10   95.    A judicial declaration is necessary and appropriate at this time under the

11   circumstances in order for AAMCO to ascertain its rights and duties under the Franchise

12   Agreements.

13

## PRAYER FOR RELIEF

14   WHEREFORE, AAMCO requests entry of judgment in its favor awarding the following

15   relief:

16   A.    dismissing Schuette's Complaint with prejudice;

17   B.    stating that Schuette takes nothing by way of his Complaint;

18   C.    declaring that the Franchise Agreements were validly terminated;

19   D.    preliminarily and permanently enjoining Schuette, his officers, agents, servants,

20         employees and attorneys, and all other persons who are in active concert or

21         participation with any of them from

22         i.    using  the "AAMCO", "AAMCO Transmissions" or similar names or

23               marks or the AAMCO System in any manner whatsoever, including

24               without limitation, in connection with the advertising, promotion, or sale

25               of any product or service, including, without limitation, on any signs,

26               furniture, fixtures, equipment, advertising materials, stationery, letterhead,

27               forms, printed matter, or any other articles;

28         ii.   operating any business under the name  "AAMCO", "AAMCO

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA  94304
(650) 798-0300

-28-

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

1  Transmissions" or similar names or marks or operating or doing business

2  under any name or mark, or in any manner that is likely to give the public

3  the impression that any business in which Schuette has any interest or

4  connection is licensed by AAMCO or otherwise associated with the

5  AAMCO System;

6      iii.    advertising or otherwise holding their businesses out, directly or

7  indirectly, as authorized franchisees of AAMCO or as being in any way

8  sponsored by or connected or associated with AAMCO;

9      iv.    doing anything to cause potential purchasers of transmission or general

10  automotive repair services to believe that any services or repairs

11  performed by Schuette or any business with which he is associated

12  originate with AAMCO or are endorsed or sponsored by AAMCO;

13      v.    failing to make any changes and alterations to his formerly-licensed

14  premises required to de-identify the businesses as AAMCO franchises;

15      vi.    failing to turn over to AAMCO all manuals provided by AAMCO;

16      vii.    committing any other act that infringes the AAMCO Marks or otherwise

17  unfairly competes with AAMCO or the AAMCO System.

18  E.    ordering Schuette to file with the Court and serve on AAMCO within fourteen (14)

19  days after the issuance of any preliminary and/or permanent injunction herein, a

20  report in writing, under oath, setting forth in detail the measures undertaken by

21  Schuette to comply with the injunction;

22  F.    awarding AAMCO, pursuant to 15 U.S.C. §1117, Schuette's profits, AAMCO's

23  damages, and the costs of the action;

24  G.    awarding AAMCO treble damages and attorneys' fees pursuant to 15 U.S.C. §

25  1117(a) and (b);

26  H.    ordering specific performance against Schuette of the post-termination obligations

27  in Section 19.1 of the Franchise Agreements;

28  I.    ordering Schuette to provide an accounting pursuant to 15 U.S.C. §1117(a) of his

-29-

1    profits at the Arden and Franklin Centers after February 24, 2011 and awarding

2    these profits to AAMCO, along with all other damages for Schuette's violation of

3    AAMCO's trademark rights, trebled in accordance with 15 U.S.C. §1117(a);

4    J.    ordering Schuette to execute such instruments and take such steps as AAMCO may

5          require to accomplish the transfer to AAMCO of each telephone number listed

6          under the designation AAMCO or any similar designation;

7    K.    awarding AAMCO damages;

8    L.    awarding AAMCO punitive damages;

9    M.    awarding AAMCO restitution;

10   N.    awarding AAMCO other statutory remedies or penalties;

11   O.    awarding AAMCO its costs and attorneys' fees incurred in this action;

12   P.    awarding AAMCO interest;

13   Q.    and awarding AAMCO such other and further relief as this Court deems just and

14         proper.

15                                        Respectfully submitted,

16   Dated: March 31, 2011               SNR DENTON US LLP

17

18                                       By:    /s/ Karen C. Marchiano
                                                KAREN C. MARCHIANO
19
                                         Attorneys for Defendant
20                                       AAMCO Transmissions, Inc.

21

22

23

24

25

26

27

28

SNR DENTON US LLP
1530 PAGE MILL ROAD, SUITE 200
PALO ALTO, CALIFORNIA 94304
(650) 798-0300

-30-