IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID A. SCHUETTE,

    Plaintiff,                                No. CIV S-11-0641 KJM-DAD

    vs.

AAMCO TRANSMISSIONS, INC.,

    Defendant.                               <u>ORDER</u>

_____/

        This matter comes before the court upon plaintiff's application for an order shortening time for hearing on plaintiff's motion for a preliminary injunction. (ECF 14.) Plaintiff's application is DENIED for the following reasons.

        Local Rule 144 states: "Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." The court may grant an application for an order shortening time "for good cause." FED. R. CIV. P. 6(c)(1)(C); *see, e.g., Fausto v. Credigy Servs. Corp.*, 2009 U.S. Dist. LEXIS 51079, *3 (N.D. Cal. Mar. 11, 2009); *see also Faulkner v. County of Kern*, 2006 U.S. Dist.

1  LEXIS 3410, *5 (E.D. Cal. Jan. 17, 2006).  "[A] fundamental purpose of the adversary system
2  [is] to give the court the best possible presentation of the merits and demerits of the case on each
3  side. The opposing party can rarely make its best presentation on such short notice." *Mission*
4  *Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 491 (C.D. Cal. 1995).
5  "[C]ourts generally require that the applicant demonstrate circumstances showing that (1) the
6  applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some
7  type of harm." *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc*., 2007 U.S.
8  Dist. LEXIS 85849, *2 (E.D. Cal. Nov. 9, 2007).

9  Plaintiff contends that an order shortening time is necessary because he is "facing
10  financial ruin and the loss of his viable businesses including his employees." (Pl.'s Mem. at 3,
11  ECF 15.)  Plaintiff further maintains that he will suffer "irreparable harm" if defendant is not
12  preliminarily enjoined.  (*Id*. at 4.)

13  Defendant counters that plaintiff is not entitled to the ex parte relief he seeks
14  "because (1) he has not presented evidence demonstrating that he will be irreparably harmed if
15  his motion for preliminary injunction is heard according to the regular noticed motion
16  procedures and (2) he is not without fault in creating the situation that purportedly requires ex
17  parte relief."  (Def.'s Opp'n at 1, ECF 20.)  Defendant further maintains that "[p]articularly
18  given the gravity of the relief Plaintiff seeks in the motion for preliminary injunction, AAMCO
19  should not be deprived of the time provided by the local rules."  (*Id*. at 3.)

20  Plaintiff's blanket assertions that he is "facing financial ruin" and "will suffer
21  irreparable harm" do not show good cause.  Plaintiff has failed to support these assertions, or
22  counter defendant's representations that plaintiff continues to own his business and has the
23  ability to advertise it, even if at present he is prevented from operating it as an AAMCO
24  franchise.  (*See* Def.'s Opp'n at 2.)  Although "inability to calculate damages, harm to goodwill,
25  diminishment of competitive positions in marketplace, and lost opportunities to distribute unique
26  products" support a determination of irreparable harm (*Pac. Rollforming, LLC v. Trakloc Int'l,*

1  *LLC*, 2007 U.S. Dist. LEXIS 82639, *9 (S.D. Cal. Nov. 7, 2007)), plaintiff's mere claim that he
2  "is threatened with the loss of a business" by having to wait three weeks for his motion for
3  preliminary injunction to be heard does not. (Pl.'s Mem. at 4.)  Plaintiff will neither be
4  "irreparably prejudiced if the underlying motion is heard according to regular noticed motion
5  procedures" nor has he demonstrated there is a "crisis" justifying the need for a hastier hearing.
6  *Mission Power*, 883 F.Supp. at 492.  Plaintiff will have the opportunity to be heard and seek a
7  preliminary injunction before this court on April 27, 2011.
8      For the foregoing reasons, plaintiff's application is DENIED.
9      IT IS SO ORDERED.
10 DATED: March 31, 2011.

                UNITED STATES DISTRICT JUDGE